**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NOVA BANK, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 11-1291 |
| v. | : | **OPINION** |
| THE MADISON HOUSE GROUP, | : | |
| Defendant. | : | |

**RODRIGUEZ**, Senior District Judge

This matter comes before the Court on a motion to dismiss filed on behalf of Defendant The Madison House Group ("MHG") pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a)(2). At issue is whether MHG had a duty to respond to Plaintiff Nova Bank's ("Nova") request for adequate assurances of MHG's ability to make payment under a promissory note when due, and, if MHG did have such a duty, whether MHG breached the contract between Nova and MHG by failing to respond to Nova's request. Also at issue is whether MHG had a duty to pay the amount due under the note notwithstanding its stated due date. The parties also dispute whether Pennsylvania or Florida law governs the issue. For the reasons stated below, Defendant's motion will be granted.

**Factual Background**

This action arises out of a $5 million loan that Nova Bank made to George Levin ("Levin"), who is not a party in this action. According to Nova's Amended Complaint, Levin is a partner of MHG, which is a New Jersey Limited Partnership. Levin is also the

president of Atlantic Coast Group, Inc., which is also identified as a partner of MHG.[1] Nova is a commercial bank chartered under the laws of Pennsylvania.

According to the Amended Complaint, on or about June 30, 2009, Nova made a loan to Levin in the amount of $5 million which was memorialized in a business loan agreement ("Levin Loan" or "Levin Loan Agreement"). Am. Compl. at ¶ 6. Levin executed and delivered a promissory note in connection with the loan ("Levin Note"). Id. at ¶7. On or about April 14, 2010, Nova and Levin entered into a Security Agreement and Allonge ("Security Agreement"). Id. at ¶11. The Security Agreement provided Nova with a security interest in and assignment of Levin's rights under a promissory note that MHG had previously executed in favor of Levin ("Madison Note"). Id. at ¶ 12. The Madison Note, effective as of December 9, 2009, evidenced MHG's obligation to pay Levin $10 million plus interest on March 31, 2013 in connection with debts owed to Levin by MHG. Id. at ¶¶ 9, 10.

At some time thereafter, Levin defaulted on the Levin Loan by failing to make payments and, as a result, the full amount owed under the Levin Note became due to Nova on July 1, 2010. Id. at ¶¶ 13, 14. Levin also had outstanding obligations to other creditors who filed an involuntary bankruptcy petition against him in the United States Bankruptcy Court for the Southern District of Florida. Id. at ¶¶ 16, 17. Levin's obligations to the petitioning creditors exceeded $150 million. Id. at ¶ 18. On December 2, 2010, the Bankruptcy Court issued a Stay of Relief Order in favor of Nova, allowing Nova to exercise its rights under the Security Agreement to take possession and

---

[1] Atlantic Coast Group is a general partner of MHG. The record is not clear as to whether Levin is a limited or general partner of MHG.

2

ownership of the Madison Note. Id. at ¶ 19.

For a number of reasons, Nova believes that MHG will not be able to pay the $10 million plus interest on or before the March 31, 2013 maturity date of the Madison Note.[2] Id. at ¶ 38. Accordingly, on January 27, 2011, Nova demanded adequate assurance from MHG that it will be able to pay the amounts due on the maturity date of March 31, 2013. Id. at ¶ 39. MHG has never responded to Nova's request. Id. at ¶ 40.

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## Procedural History

Plaintiff's Original Complaint was filed on March 8, 2011, and an Amended Complaint on April 7, 2011. [Docket ## 1, 7.] Plaintiff states claims for breach of contract (First Count), breach of the implied covenant of good faith and fair dealing (Second Count), and unjust enrichment (Third Count). Defendant filed the present Motion to Dismiss on May 27, 2011. [Docket # 11.]

## Discussion

Defendant moves to dismiss asserting that Plaintiff fails to satisfy the pleading requirements of 8(a)(2) and fails to state a claim upon which relief can be granted pursuant to 12(b)(6). MHG argues that it had no obligation under the terms of the Madison Note or under the law to respond to Nova's request for assurances of MHG's

---

[2] Nova points to MHG's indebtedness, the relatively low value of its only asset–The Madison House–in relation to its debt, MHG's limited and threatened rental income from The Madison House, and lack of sources of capital based on Levin's bankruptcy and lack of contributions from MHG's other partners. Am. Compl. at ¶¶ 21-37.

ability to pay, and that they therefore did not respond. MHG also argues that the plain terms of the Madison Note do not contain an acceleration provision and that they are under no obligation to make payment until March of 2013. In essence, MHG argues, Nova is attempting to rewrite the terms of the Madison Note. Nova contends that it is not attempting to re-write the Madison Note, but "[r]ather, the Bank seeks to enforce its rights under loan and security agreements in connection with the $5M Loan" to Levin. Nova argues that MHG was "contractually required" to provide Nova with adequate assurances and that it did not do so. In addition, Nova argues that the maturity date is "entirely irrelevant" given the events of default and MHG's anticipatory repudiation of its obligations.

## I. Standard of Review

A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[3] See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144,

---

[3]"Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[4] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. - - - , 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 129 S. Ct. at 1950 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's

---

[4]This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. Analysis

### A. Choice of Law

As an initial matter, the Court will address the choice of law dispute between the parties as it may be determinative as to the sufficiency of Plaintiff's Complaint. The parties disagree as to whether Florida law (the choice of law designated in the Madison Note) or Pennsylvania law (the choice of law designated in the Security Agreement) applies in this case. Because Nova argues that it is seeking to enforce its rights under the Security Agreement, it relies on Pennsylvania law with respect to its arguments relating to adequate assurances and anticipatory repudiation. Nova also looks to Pennsylvania law in support of its contention that it may demand payment under the Madison Note now, regardless of its maturation date. MHG, however, argues that Nova's claims in its

Complaint are based solely on the Madison Note. Because of this, MHG argues that Florida law applies. Moreover, MHG argues that it is not clear that Florida applies the doctrine of adequate assurances to contracts other than those for the sale of goods and contracts for employment. As such, the determination of which state's law applies will be significant in determining whether Nova has stated claims upon which relief can be granted.

When sitting in diversity, this Court must apply the forum state's choice of law rule. Gen. Star. Nat'l Ins. Co. v. Liberty Mut. Ins. Co., 960 F.2d 377, 379 (3d Cir.1992). New Jersey courts will generally honor a contractual choice of law clause so long as it does not violate state public policy. N. Bergen Rex Transp., Inc. v. Trailer Leasing Co., 730 A.2d 843, 847 (N.J. 1999). Here, the Madison Note provides that it is to be governed by, and construed and interpreted in accordance with, the law of the State of Florida. Am. Compl., Ex. "C" at 2. The Security Agreement, however, is governed by the law of Pennsylvania. Am. Compl., Ex. "D" at ¶ 21. Two facts cut against Nova's argument that Pennsylvania law applies: (1) Nova's own Amended Complaint alleges MHG's breach of the Madison Note, not the Security Agreement, and (2) MHG is not a party to the Security Agreement.

In its Opposition Brief, Nova counters MHG's contention that Nova is attempting to re-write the Madison Note by arguing that it "seeks to enforce its rights under the Loan Documents and Security Agreement *executed by Levin* and *acknowledged* by MHG through its execution of the Allonge to the $10M Note in favor of the Bank." Pl.'s Br. at 10 (emphasis added). However, as MHG observes, Nova's Amended Complaint raises claims arising only out of the Madison Note, and not the Levin Loan Documents

or Security Agreement–agreements to which MHG is not a party. Although Nova argues primarily and extensively with respect to its rights under these agreements in its Brief, its Amended Complaint is silent as to claims arising out of them.[5]

Nova makes three references to the Security Agreement and Allonge in its Amended Complaint:

> C. Security Agreement and Allonge
>
> 11. On or about April 14, 2010, as security for his obligations to Nova, Levin made, executed and delivered to Nova, a Security Agreement and Allonge....
>
> 12. The Security Agreement and Allonge (the "Security Documents") provided Nova with a security interest in and assignment of Levin's right, title and interest in the Madison Note...
>
> ....
>
> 19. On December 2, 2010, Nova obtained stay relief from the Bankruptcy Court and exercised its rights as assignee under the Security Documents to take possession and ownership of the Madison Note.....

Am. Compl. Nova alleges that "[b]y failing to respond to Nova's demand for adequate assurance of performance within a reasonable amount of time, MHG has repudiated its duty *under the Madison Note* and given rise to an immediate cause of action." Am. Compl. at ¶ 41 (emphasis added).

In the First Count of Nova's Amended Complaint, "Breach of Contract," Nova

---

[5] This fact remains relevant with respect to Plaintiff's breach of contract claim, as discussed below.

alleges:

> 45. The Madison Note constitutes a binding contract.
>
> 46. MHG *is in breach of the Madison Note* by reason of, *inter alia*, its:
>
>     (a) Failure to provide adequate assurance of performance to Nova;
>
>     (b) Failure to comply with its obligations there under to Nova; and
>
>     (c) Failure to pay Nova the balance due on the Madison Note.
>
> ....
>
> 49. The failure of MHG to provide adequate assurance of performance to Nova constitutes anticipatory breach of the aforementioned Madison Note.

Am. Compl. (emphasis added). The two remaining Counts also reference only the Madison Note. Viewing the Amended Complaint as written, Nova states claims arising out of an alleged breach of the Madison Note by virtue of MHG's failure to provide requested assurances or pay the balance due on the Madison Note. Nova does not allege a breach of any other agreement in its complaint. Moreover, in its Brief, Nova acknowledges that the Madison Note is governed by Florida law. As such, the Court concludes that Florida law governs based on Nova's Complaint and the Counts therein alleged. Instructed by this authority, the Court will consider Nova's claims.

### **B. Breach of Contract**

<u>1. Adequate Assurances and Repudiation</u>

As detailed above, in its complaint, Nova argues that MHG's failure to provide

requested adequate assurance constituted an anticipatory breach of the Madison Note. In its Opposition, however, Nova focuses primarily on its Security Agreement with Levin. Nova points to a provision in the Security Agreement–not the Madison Note-- that requires the Grantor (i.e., Levin) to make assurances if Nova requested them:

> The Grantor shall do, obtain, make, execute and deliver all such additional . . . assurances . . . as the Bank may require to . . . assure to the Bank its rights hereunder and in or to the Collateral, and the proceeds thereof.

Pl.'s Br. at 5; Am. Compl. Ex. D, ¶5(a). Nova contends that, according to the Security Agreement, "if [Nova] asked, Levin on behalf of himself, individually, and on behalf of his entity, MHG, was required to provide the assurances. No assurances were given; thus, as alleged, the contracts were breached . . . ." Pl.'s Br. at 16. Nova does not indicate, however, that any requests for assurances were made to Levin; rather, Nova states that it sought assurances from MHG as to its ability to pay the full amount due under the Madison Note at maturity. Pl.'s Br. at 8; Am. Compl. Ex. I.

MHG contends that although Nova references a number of different agreements in its Opposition (the Levin Loan Agreement, Levin Note, and Security Agreement, as well as the Madison Note), Nova's Amended Complaint limits its claims to a breach of the Madison Note. Further, MHG argues that "noticeably absent" from Nova's Opposition is any identification of any provisions of the Madison Note that have been violated. Def.'s Reply Br. at 4. Moreover, MHG observes that it is not a party to the Levin Loan Agreement or the Security Agreement upon which Nova appears to rely, and that MHG never agreed to incorporate or accept any of the terms of those agreements. In

sum, MHG argues that it cannot breach a contract to which it is not a party, namely, the Security Agreement, and that Nova did not allege claims pursuant to the Security Agreement. The Court agrees.

Despite Nova's assertions in its Opposition, its Amended Complaint seeks to enforce Nova's rights only under the Madison Note. The Security Agreement and Allonge merely transferred Levin's interest in the Madison Note to Nova as collateral for Levin's loan; neither document purported to make MHG a party to any additional agreement or made MHG guarantor of the Levin Loan. Nova's Amended Complaint does not plead otherwise. Moreover, nowhere in the Amended Complaint does Nova allege that MHG was subject to duties under the Security Agreement or that it breached same. Nova cannot now seek legal relief based on facts and circumstances not pled. See Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (observing that it is axiomatic that a complaint may not be amended by briefs in opposition to a motion to dismiss). As such, for Nova to have stated a claim for breach of contract against MHG, Nova was required to identify and plead a contractual duty breached by MHG that exists pursuant to the Madison Note or under the law that governs the Note. As the express terms of the Madison Note do not require MHG to provide assurances, and as Nova's complaint did not allege that the Note contains such a requirement,[6] the Court will consider whether such a requirement exists in this context

---

[6] Indeed, Nova essentially concedes that the Madison Note does not require MHG to provide assurances. Nova states in its Opposition that it "did not negotiate the terms of, draft, edit or even review the $10M MHG Note. If it had, it would have undoubtedly included an 'adequate assurances' provision as it did in the Security Agreement . . . ." Pl.'s Br. at 15. Thus, it is agreed that the Madison Note does not contain an "adequate assurances" provision.

under Florida law.

Incorporating the Uniform Commercial Code with respect to contracts for the sale of goods, Florida law provides that "[w]hen reasonable grounds for insecurity arise with respect to the performance of either party the other may in writing demand adequate assurance of due performance." F.S.A. § 672.609(1). A party who fails to provide adequate assurance of due performance after a justified demand within a reasonable time not to exceed 30 days repudiates the contract. F.S.A. § 672.609(4). While these statutory provisions apply to contracts relating to sales, there is at least some indication that Florida courts might recognize the principal of adequate assurance in the context of employment contracts. See Weisfeld v. Peterseil School Corp., 623 So.2d 515, 517, n. 3 (Fla. Dist. Ct. App. 3d 1993) (citing Restatement (Second) of Contracts § 251 and commenting that employer could have demanded unequivocal assurance of employee's continued performance under the contract).[7]

Nova points to § 251 of the Restatement and Pennsylvania case law citing the provision in support of its argument that MHG's failure to provide demanded

---

[7] The Restatement provides:

> (1) Where reasonable grounds arise to believe that the obligor will commit a breach by non-performance that would of itself give the obligee a claim for damages for total breach under § 243, the obligee may demand adequate assurance of due performance and may, if reasonable, suspend any performance for which he has not already received the agreed exchange until he receives such assurance.
>
> (2) The obligee may treat as a repudiation the obligor's failure to provide within a reasonable time such assurance of due performance as is adequate in the circumstances of the particular case.

Restatement (Second) of Contracts § 251.

assurances constituted a repudiation of the contract and that Nova was entitled to treat it as such. Pl.'s Br. at 16-17. Nova does not, however, point to any Florida case law adopting or incorporating the provision, nor any Florida case law applying the doctrine of adequate assurances outside of the statutory context of contracts for the sale of goods. The Court has not identified any Florida cases, state or federal, that apply Florida law to require a party to provide adequate assurances where such assurances were not required by statute or the express terms of the contract.[8] While it is true that Florida has established that failure to adequately assure after a justified request is a repudiation in the context of sales contracts, it has not done so with respect to other contracts. That being the case, the Court finds that MHG was not required under the governing law to respond to Nova's demand for assurances.

As discussed above, whether or not the Security Agreement between Nova and Levin required Levin to provide assurances upon request is irrelevant to Nova's Amended Complaint. The Madison Note, upon which Nova's claims are premised, does not require MHG to provide adequate assurances. Because it also appears that Florida law does not impose such a duty upon MHG under these circumstances, the facts alleged

---

[8] MHG cites U.S. Home Corp. v. Suncoast Utilities, Inc., 454 So.2d 601, 604 (Fla. Dist. Ct. App. 2d 1984) for the proposition that "the doctrine of adequate assurance may not have been adopted outside of matters involving the sale of goods." Def.'s Br. at 5. U.S. Home Corp. does not reach this conclusion, however. Rather, plaintiff, appealing the ruling of the trial court, argued that the trial court erred in applying the doctrine as the theory had not been adopted in Florida except in cases involving the sale of goods. On appeal, the court in U.S. Home Corp. did not address this contention, instead finding sufficient evidence to support the trial court's decision based on an alternative theory. U.S. Home Corp., 454 So.2d at 604-05 ("even assuming the appellant is correct in its contention that the trial court erred in applying the doctrine of adequate assurance, we need not address that issue").

13

in Nova's Complaint–that Nova requested assurances and MHG failed to respond–do not support claims for repudiation or anticipatory breach of the Madison Note. The Court next turns to Nova's claim that MHG breached the Madison Note by failing to pay Nova the balance due.

### 2. MHG's Failure to Pay

Nova again relies on the Levin Loan Agreement and Security Agreement in its argument that it may require immediate payment of the $5 million debt. Nova claims that the fact that the Madison Note is not due until March 31, 2013 "does not alter the fact that, under the terms of the $5M Loan Documents and the Security Agreement, given [Levin's] defaults, the Bank has the right to accelerate payment and require that the $5M debt be repaid immediately." Pl.'s Br. at 12. According to Nova, because the Madison Note is security for the Levin Loan, Nova has the right to pursue the security now, regardless of the date on which it might otherwise mature, and again cites the Security Agreement in support of this proposition.[9] Nova also looks to Pennsylvania law in support of its claim that it may demand payment under the Madison Note regardless of its due date. Nova's arguments are unavailing.

---

[9] Nova cites a provision of the Security Agreement which reads:

> Upon the occurrence of an Event of Default and with notice to the Grantor, the Bank may notify Madison . . . of the assignment of the Note to the Bank and may direct Madison to make payment directly to the Bank of the amounts due and enforce Grantor's rights against Madison, including demanding payment under the Note. At the request of the Bank, the Grantor will direct Madison to make payment directly to the Bank.

Am. Compl. Ex. "D," ¶ 7(b).

First, as discussed, Nova's Amended Complaint does not allege that MHG was or is party to the Levin Loan Agreement or Security Agreement, nor does the Amended Complaint raise claims arising under those agreements. Nova has alleged a breach of the Madison Note; thus, any legal entitlement to relief must be supported by facts pled in the Amended Complaint relating to the Madison Note or based on Florida law. In addition, the Security Agreement and Allonge assigned to Nova nothing more than Levin's rights and interests in the Madison Note. Thus, even if Nova is correct in its contention that it has the right to pursue the security now, this means that Nova may, as it has done, take possession of the Madison Note–the security–and stand in as payee under the terms of the Note.[10]

In general, non-performance of a contractual duty is not a breach unless performance is due. Nova both pleads in its Amended Complaint and acknowledges in its Opposition that under the terms of the Madison Note, MHG is to make payment of the amount owed on March 31, 2013. Nova has not pled that MHG had any obligation under the Madison Note to make payment before that time or alleged facts showing its entitlement to payment now. Thus, Nova's allegation that MHG's failure to pay the amount due under the Note constitutes a breach of the Madison Note is not supported by the facts pled in the complaint. Moreover, even if Nova were entitled under the terms of the Note to demand payment before March 31, 2013, Nova does not allege that it made such a demand. Rather, Nova made a demand for assurances on January 27, 2011

---

[10] As the above passage from the Security Agreement cited and relied upon by Nova indicates, Nova's rights upon default and assignment of the Madison Note were to "enforce [Levin's] rights against Madison." Am. Compl. Ex. "D," ¶7(b). Nova's rights, therefore, are those rights possessed by Levin under the Note.

and when no assurances were provided, Nova filed the present suit on March 8, 2011. In short, Nova has pled, but not shown, that it is entitled to relief based on MHG's failure to pay the amount owed under the Madison Note.

Nova has failed to plead facts sufficient to state a cause of action for breach of contract under the terms of the Madison Note or under Florida law. As such, Nova has failed to state a claim for relief that is plausible on its face. Accordingly, Count One will be dismissed.

### C. Implied Covenant of Good Faith and Fair Dealing

In Count Two of its Amended Complaint, Nova alleges that "MHG breached the implied covenant of good faith and fair dealing in the Madison Note as a result of its failure to provide adequate assurance of performance to Nova and/or payment in full on its obligations there under." Am. Compl. at ¶ 53.

Florida contract law recognizes the implied covenant of good faith and fair dealing in every contract. Ins. Concepts and Design, Inc. v. Healthplan Services, Inc., 785 So.2d 1232, 1234 (Fla. Dist. Ct. App. 4th 2001). Because the implied covenant is not an independent term within the contract, it cannot override an express contractual provision. Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 896 So.2d 787, 791 (Fla. Dist. Ct. App. 2d 2005). Thus, "to operate it attaches to the performance of a specific or express contractual provision." Id. at 792. Accordingly, "a duty of good faith must relate to the performance of an express term of the contract" and may not "be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements." Hosp. Corp. of America v. Florida Med. Center, Inc., 710 So.2d 573, 575 (Fla. Dist. Ct. App. 4th 1998). "Thus, the duty of good faith performance does

not exist until a plaintiff can establish a term of the contract the other party was obligated to perform and did not." Snow, 896 So.2d at 792.

As discussed above, Nova has failed to identify and plead as to any express provision of the Madison Note which MHG violated by failing to provide requested assurances or failing to make payment in full before March 31, 2013. Nova therefore fails to state a claim entitling it to relief. See Id. (plaintiff failed to state a cause of action for breach of implied covenant of good faith where amended complaint failed to link the implied covenant of good faith to a breach of an express provision of the contract). As such, Count Two will also be dismissed.

### D. Unjust Enrichment

Finally, in Count Three of the Amended Complaint, Nova alleges that "MHG was duly indebted to Levin under circumstances which negate the idea that the giving of the Madison Note was gratuitous" and that "MHG has failed to provide Nova with adequate assurance of performance and/or payment in full on its obligations under the Madison Note." Am. Compl. at ¶¶ 56-57. Nova alleges that "[a]s a result, MHG has been unjustly enriched at Nova's expense and detriment." Am. Compl. at ¶ 58.

Under Florida law, the essential elements of a claim for unjust enrichment that a plaintiff must plead are: (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof. Rollins, Inc. v. Butland, 951 So.2d 860, 876 (Fla. Dist. Ct. App. 2d 2006). Nova has not pled these elements. Accordingly, Count Three will be dismissed.

## **<u>Conclusion</u>**

For the reasons stated above, MHG's motion to dismiss will be granted. The appropriate orders shall issue.

Dated: December 5, 2011

                                                                                              /s/ Joseph H. Rodriguez
                                                                            Hon. Joseph H. Rodriguez,
                                                                            United States District Judge